**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No:

Sumfinidade Unipessoal LDA,

Plaintiff,

v.

MJL Select Inc., JURY TRIAL DEMANDED

Defendant.
_________________________________/

**COMPLAINT**

Plaintiff Sumfinidade Unipessoal LDA ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant MJL Select Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Nico Trinkhaus ("*Trinkhaus*") is a Berlin-born, Lisbon-based professional travel, cityscape, and landscape photographer and the principal of Plaintiff, through which he publishes and licenses his work under the Sumfinity brand. For well over a decade, Trinkhaus has been known for his dramatic cityscapes and landscapes of European cities and destinations, including his signature "blue hour" and night photography. His work has been honored in many of the world's leading photography competitions, including a commendation in the Sony World Photography Awards; Silver and Bronze Awards in The Epson International Pano Awards; a third-place award in the Architecture category of the International Photography Awards; Gold and Silver awards in the New York Photography Awards; Platinum, Gold, and Silver awards in the MUSE

Photography Awards; Platinum and Gold awards in the European Photography Awards; Gold awards in the London Photography Awards and the Budapest International Foto Awards; and recognition among One Eyeland's World's Top 10 Landscape Photographers. Trinkhaus's photographs have been published or featured by National Geographic Poland, Travel + Leisure, The Independent, The Telegraph, the Mirror, Süddeutsche Zeitung, Euronews, Bloomberg TV, and Amateur Photographer, among others.

3. Trinkhaus created a panoramic sunset photograph of the Bay of Kotor and the historic town of Kotor, Montenegro, (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Defendant is a luxury hotel representation firm that, for more than twenty years, has marketed a portfolio of luxury hotels, resorts, villas, and destination management companies ("DMCs") around the world to travel advisors and travelers in the United States and other North American markets. Defendant's represented properties have included Hotel Le Negresco in Nice, Le Sereno in St. Barthélemy, and Fasano Trancoso in Brazil, and it promotes DMCs offering tours in Croatia, Morocco, Greece, Italy, and South America. Upon information and belief, Defendant is compensated by the properties and DMCs it represents for generating bookings and business from those markets, and its Website, featuring destination and DMC promotional pages such as the page at issue here, is the principal vehicle through which Defendant markets its clients' offerings to travel advisors and thereby earns its revenue. Upon information and belief, Defendant used Plaintiff's Photograph to promote travel to Croatia and the surrounding Adriatic region on behalf of a DMC it represents, so that the Photograph served directly to attract the advisor inquiries and client bookings from which Defendant profits.

5. Defendant owns and operates a website at http://mjlselect.com (the "*Website*").

6. Upon information and belief, Defendant exercised editorial, managerial,



SLG SANDERS LAW GROUP

operational, and financial control over the Website, including the creation, acquisition, selection, editing, publication, display, distribution, and removal of content appearing thereon.

7. Upon information and belief, Defendant maintained the right and ability to supervise, authorize, review, approve, modify, remove, and otherwise control content appearing on the Website and was responsible for the acts of its employees, officers, agents, contractors, editors, content creators, moderators, and other representatives acting within the course and scope of their authority.

8. At all relevant times, content published, displayed, reproduced, distributed, and otherwise made available on the Website was subject to Defendant's direction and control, including the infringing content alleged herein.

9. Upon information and belief, Defendant used the Website in furtherance of its commercial enterprise and derived financial and promotional benefits from the content displayed thereon, including through the generation of travel-advisor and consumer interest, inquiries, and bookings for the properties and DMCs it represents, brand promotion, and the advancement of Defendant's business interests.

10. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

11. Plaintiff is a single-member limited liability company (sociedade unipessoal por quotas) organized under the laws of Portugal with its principal place of business in Portugal.

12. Defendant MJL Select Inc. is a Florida corporation with a principal place of business at 1666 Kennedy Causeway, North Bay Village in Miami-Dade County, Florida.

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction over the federal copyright



SLG SANDERS · LAW GROUP ·

infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

14. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant resides in, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

16. Plaintiff is a professional photography company whose work has been widely published by newspapers, media organizations, editorial publications, digital-media companies, and news outlets.

17. Plaintiff has devoted substantial time, skill, effort, and expense in developing its photography business and creating a portfolio of original photographs.

18. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

19. Plaintiff is the copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

20. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit its copyrighted photographs.

21. Plaintiff derives income from the licensing and authorized use of its copyrighted works and maintains exclusive rights in the works it owns pursuant to the Copyright Act.

22. Plaintiff relies upon licensing revenue derived from the authorized use of



SLG SANDERS · LAW GROUP ·

its photographs and actively protects its copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for authorized licenses.

23. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

24. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

25. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

26. On January 23, 2019, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

27. In creating the Photograph, Trinkhaus personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

28. On April 1, 2019, the Photograph was registered by the USCO under Registration No. VA 2-145-730.

29. Trinkhaus created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

30. Plaintiff acquired the rights in and to the Photograph by way of a valid written assignment from Trinkhaus.

**B. Defendant's Infringing Activity**

31. Defendant is the registered owner of the Website.

32. Defendant is the operator of the Website.

33. Defendant is responsible for the Website's content.



SLG SANDERS · LAW GROUP ·

34. The Website is a part of and used to advance Defendant's commercial enterprise.

35. The Website is monetized in that it serves as Defendant's principal marketing platform for the hotels, villas, and DMCs it represents, through which Defendant generates the travel-advisor and consumer inquiries and bookings for which, upon information and belief, it is compensated.

36. Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

37. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Website in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

38. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

39. Upon information and belief, Defendant's personnel are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

40. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

41. Upon information and belief, Defendant's internal policies, if any, are either



SLG SANDERS LAW GROUP

SLG SANDERS · LAW GROUP ·

not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

42. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

43. On or about August 1, 2024, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an online promotional page titled "Travel Croatia and Beyond," marketing Croatia and Adriatic travel offerings to Defendant's travel-advisor and consumer audience, at URL: https://mjlselect.com/travel-croatia-and-beyond/ (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

44. The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://mjlselect.com/wp-content/uploads/2024/08/car-Travel-Croatia-04.webp.

45. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

46. Plaintiff first observed the Infringement on December 4, 2025.

47. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

48. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

49. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion,

and display of content appearing on the Website, including Plaintiff's Photograph.

50. Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

51. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

52. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website on Defendant's behalf.

53. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

54. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Photograph.

55. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

56. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content



SLG SANDERS LAW GROUP

SLG SANDERS LAW GROUP

appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

57. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

58. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

59. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

60. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

61. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

62. Upon information and belief, Defendant monitors the content on its Website.

63. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

64. Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

65. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

66. Upon information and belief, Defendant derived commercial value from the

resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

67. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

68. Defendant's use of the Photograph harmed the actual market for the Photograph.

69. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

70. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license its work to other commercial entities.

71. On or about July 7, 2026, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

72. Thereafter, on or about August 6, 2026, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

73. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

74. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

75. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

SLG SANDERS · LAW GROUP ·

SLG SANDERS LAW GROUP

**FIRST CAUSE OF ACTION**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

76. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

77. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

78. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

79. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

80. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

81. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

82. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

83. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against

Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

84. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

85. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
***(Vicarious Copyright Infringement)***

86. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

87. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Website.

88. As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

89. Defendant enjoyed a direct financial benefit from the Infringement from *inter alia*, the increased traffic, inquiries, and bookings generated through its Website for the properties and DMCs Defendant represents, upon which Defendant's representation compensation and client retention depend.

90. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website, thereby promoting the travel offerings of the clients from which Defendant derives its revenue.

91. To the extent the infringing conduct was undertaken by Defendant's employees, contractors, authors, contributors, or other representatives, Defendant is liable



SLG SANDERS · LAW GROUP ·

SLG SANDERS · LAW GROUP ·

as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

92. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

93. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

94. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

95. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

96. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by

17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 19, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders__*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 146113

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·